**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RATTAN SINGH; KUAR SINGH KAMAL, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 06-72689 <br><br> Agency Nos. A097-115-042 <br> A097-115-043 <br><br> MEMORANDUM[*] |
| RATTAN SINGH; KUAR SINGH KAMAL, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-70976 <br><br> Agency Nos. A097-115-042 <br> A097-115-043 |
| RATTAN SINGH; KUAR SINGH KAMAL, <br><br> Petitioners, | No. 10-72585 <br><br> Agency Nos. A097-115-042 <br> A097-115-043 |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2014[**]
San Francisco, California

Before: D.W. NELSON, McKEOWN, and M. SMITH, Circuit Judges.

Petitioners Rattan Singh and Kamal Kuar Singh, husband and wife, seek review of the Board of Immigration Appeals' (BIA) decisions: (1) adopting and affirming the Immigration Judge's (IJ) decision denying petitioners' application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT); (2) denying petitioners' motion to reopen; and (3) denying petitioners' motion to reconsider. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We deny the petition for review.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rattan Singh alleges that he was persecuted in Fiji due to his Indian ethnicity and support of the Fiji Labor Party. Kamal Kuar Singh did not file an individual petition for asylum and merely seeks asylum as a derivative of her husband's application. For this reason, her claim must rise or fall with his. *See Kumar v. Gonzales*, 439 F.3d 520, 521, 525 (9th Cir. 2006).

On April 25, 2005, the IJ held a merits hearing, at which husband and wife testified. The IJ made an adverse credibility determination, finding that each petitioner's testimony was internally inconsistent and inconsistent with the other's testimony. The IJ concluded that there was no credible evidence that the Singhs were actually active in the Labor Party, or that the Singhs were persecuted on the basis of their Indo-Fijian ethnicity or political participation. The BIA affirmed.

Before this court, Rattan Singh concedes that the IJ's adverse credibility finding should not be disturbed with regard to his testimony. Nonetheless, Mr. Singh argues that he is entitled to asylum based on his wife's allegedly credible testimony and certain documentary evidence, and that Mrs. Singh is entitled to asylum as a derivative of his petition.

Where there is substantial evidence to support an adverse credibility determination, the petitioner must show that corroborating evidence overcomes the agency's credibility determinations. *Garcia v. Holder*, --- F.3d ---, 2014 WL

1465699, at *5–6 (9th Cir. Apr. 16, 2014); *Malhi v. I.N.S.*, 336 F.3d 989, 993 (9th Cir. 2003). It is undisputed that Kamal Kuar's testimony was materially inconsistent with her husband's with regard to incidents that go to the heart of petitioners' pre-REAL ID Act claim. Accordingly, her testimony only lends further support to the IJ's adverse credibility determination, and her testimony does not overcome her husband's lack of credibility. *See Singh v. Holder*, 643 F.3d 1178, 1182 (9th Cir. 2011); *Kin v. Holder*, 595 F.3d 1050, 1058 (9th Cir. 2010). Additionally, while petitioners submitted newspaper articles describing a violent incident at their home, these articles do show that the incident was the result of persecution, and therefore, they cannot overcome Rattan Singh's lack of credibility with regard to his persecution claims.

Lacking credible evidence of past persecution or a well-founded fear of future persecution, Rattan Singh has not carried his burden to show that "no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias-Zacarias*, 502 U.S. 478, 484 (1992). Because Mr. Singh is ineligible for asylum, he fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Mr. Singh's claim for protection under CAT fails because he has not provided credible evidence that it is more likely than not that he will be tortured if he returns to Fiji. *See Kamalthas v. INS*,

4

251 F.3d 1279, 1283 (9th Cir. 2001). Kamal Kuar's claims also fail, because they are derivative of her husband's non-meritorious claims. *Kumar*, 439 F.3d at 521, 525.

Finally, the BIA did not abuse its discretion in denying petitioners' untimely motion to reopen and motion for reconsideration. An untimely motion to reopen may be filed only in the event of changed circumstances in the petitioner's country and only "if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii). To be "material," the evidence must be of the type that, if the proceedings were reopened, "would likely change the result in the case." *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). Petitioners merely submitted evidence that a new military regime in Fiji has led to an increasingly unstable political climate. They did not provide new, previously unavailable evidence concerning persecution of Indo-Fijians, nor did they provide evidence that would undermine the IJ's adverse credibility determination with regard to Rattan Singh's alternate claims of persecution.

**PETITION DENIED.**